UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

LEANDRO N. SMILASKY,
and other similarly situated individuals,

      Plaintiff (s),

v.

BATTERY SOLUTION LLC,
d/b/a VOLTAGE BATTERIES
and LUCAS M. BASILI, and
MARIA P. HIRIART individually

      Defendants,

_____/

## **COMPLAINT**
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff LEANDRO N. SMILASKY, by and through the undersigned counsel, on behalf of himself and other similarly situated hereby sues Defendants BATTERY SOLUTION LLC, d/b/a VOLTAGE BATTERIES, LUCAS M. BASILI, and MARIA P. HIRIART, individually, and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid regular and overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. §§ 1331 and 1337 and under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq (the "FLSA" or the "Act").

2. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216 (b).

3. Plaintiff LEANDRO N. SMILASKY (hereinafter LEANDRO N. SMILASKY, or Plaintiff) is a resident of Dade County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

4. Defendant BATTERY SOLUTION LLC, d/b/a VOLTAGE BATTERIES (hereinafter VOLTAGE BATTERIES or corporate Defendant) is a Florida corporation with a place of business in Dade County, Florida, FL, within the jurisdiction of this Court. At all times, Defendant was and is engaged in interstate commerce.

5. The individual Defendants LUCAS M. BASILI and MARIA P. HIRIART were and are now the owners/partners and managers of Defendant corporation VOLTAGE BATTERIES. These individual Defendants were the Employers of Plaintiff and others similarly situated, within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

6. All the actions raised in this Complaint took place in Dade County, within the jurisdiction of this Court.

ALLEGATIONS COMMON TO ALL COUNTS

7. This cause of action is brought by Plaintiff as a collective action to recover from Defendants regular wages, overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during the material time.

8. The asserted class for this collective action includes all current and former employees similarly situated to Plaintiff, performing non-exempted duties, at all premises of

VOLTAGE BATTERIES, in furtherance of the business of Defendants, and who worked more than forty hours (40) during one or more weeks within the material time, without being paid minimum wages and overtime hours at the rate of time and one-half their regular rate ("the overtime rate"), pursuant the FLSA.

9. The material time for the claims, in this case, is the three-year period (3 years) prior to the date of each Plaintiff or each similarly situated individuals joining this action, as tolled or extended by the equity of by law.

10. Corporate Defendant VOLTAGE BATTERIES is a seller and installer of all kinds of automotive, commercial, industrial, power sports, marine batteries, and accessories. Defendant VOLTAGE BATTERIES operates at least five stores in Dade and Broward Counties.

11. Defendants VOLTAGE BATTERIES, LUCAS M. BASILI, and MARIA P. HIRIART employed Plaintiff LEANDRO N. SMILASKY as a non-exempted, full-time, hourly employee from on or about December 09, 2021, to January 24, 2022, or 6 weeks plus four days.

12. Plaintiff was hired as a store attendant and battery installer technician. Plaintiff had numerous duties, including opening and closing the store, selling and installing batteries, and performing general battery shop work. Plaintiff's wage rate was $15.00 an hour. Therefore, Plaintiff's overtime rate should be $22.50 an hour.

13. Plaintiff worked at the VOLTAGE BATTERIES store located at 3809 NW 36th ST, Miami, Florida 33142.

14. During his employment with Defendants, Plaintiff had a mandatory, regular schedule. Plaintiff worked 6 days per week from Monday to Friday, from 8:30 AM to 5:30 (9 hours

each day). On Saturdays, Plaintiff worked from 8:30 AM to 2:00 PM (5.5 Hours). Thus, Plaintiff worked a total of 50.5 hours weekly. Plaintiff did not take bonafide lunch breaks.

15. Plaintiff worked more than 40 hours weekly, but he was paid for only 40 regular hours. Defendants required Plaintiff to stay working late, but they did not compensate him for overtime hours.

16. Plaintiff did not clock in and out, but Defendants were able to monitor the hours worked by Plaintiff and other similarly situated individuals, but Defendants did not keep accurate records of hours worked each workday, each workweek, and earnings and wages paid.

17. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). Defendants also willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

18. Plaintiff was paid weekly by Zelle direct deposits, without paystubs or any records providing basic information about the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

19. On or about January 08, 2022, Plaintiff requested the owner of the business LUCAS M. BASILI to be paid for overtime hours. As a direct result of his complaint, the following week, Plaintiff did not receive his regular wages on the normal payday.

20. Plaintiff complained again, but he continued working one more week. However, Plaintiff did not receive his wages for a second consecutive week.

21. On or about January 22, 2022, Plaintiff complained again to the business owner about the lack of payment of his regular wages and overtime hours.

22. As a consequence of Plaintiff's complaints, on or about  January 24, 2022, Defendants fired Plaintiff using pretextual reasons.

23. At the time of his termination, Defendants refused to pay Plaintiff for his last two weeks of work, plus the first week of work retained by Defendants as a security deposit.

24. Therefore, Defendants willfully failed to pay Plaintiff minimum wages for all hours worked, in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

25. Plaintiff LEANDRO N. SMILASKY seeks to recover regular unpaid wages, overtime wages for every hour above 40 that he worked, liquidated damages, retaliatory damages, and any other relief as allowable by law.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

26. Plaintiff  LEANDRO  N.  SMILASKY  re-adopts every  factual  allegation  stated  in paragraphs 1-25 above as if set out in full herein.

27. Plaintiff brings this cause of action as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after December 2021,  (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

28. The Employer VOLTAGE BATTERIES  was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a seller

of automotive, industrial, and marine batteries. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage.

29. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by performing credit card transactions and by handling and working with goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

30. Defendants VOLTAGE BATTERIES, LUCAS M. BASILI, and MARIA P. HIRIART employed Plaintiff LEANDRO N. SMILASKY as a non-exempted, full-time, hourly employee from on or about December 09, 2021, to January 24, 2022, or 6 weeks plus four days.

31. Plaintiff was hired as a store attendant and battery installer technician. Plaintiff's wage rate was $15.00 an hour. Plaintiff's overtime rate should be $22.50 an hour.

32. During his employment with Defendants, Plaintiff had a mandatory, regular schedule. Plaintiff worked 6 days per week, a total of 50.5 hours weekly. Plaintiff did not take bonafide lunch breaks.

33. Plaintiff worked more than 40 hours weekly, but he was paid for only 40 regular hours. Plaintiff did not receive any compensation for overtime hours as required by law.

34. Plaintiff did not clock in and out, but Defendants were able to monitor the hours worked by Plaintiff and other similarly situated individuals. However, Defendants did not keep accurate records of hours worked each workday, each workweek, and earnings and wages paid.

35. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

36. Plaintiff was paid weekly by Zelle direct deposits, without paystubs or any kind of records providing basic information about the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

37. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees, upon information and belief. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

38. Defendants never posted any notice to inform employees of their federal rights to overtime and minimum wage payments as required by the Fair Labor Standards Act and Federal Law. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

39. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

   a. <u>Total amount of alleged unpaid O/T wages:</u>

One Thousand Four Hundred Seventeen Dollars and 50/100 ($1,417.50)

   b. <u>Calculation of such wages:</u>

Total period of employment:  6 weeks
Total relevant weeks: 6 weeks
Total hours worked: 50.5 hours weekly
Total unpaid O/T hours:  10.5 O/T hours weekly
Rate paid:  $15.00 x 1.5= $22.50 an O/T hour

O/T rate $22.50 x 10.5 O/T hours= $236.25 weekly x 6 weeks =$1,417.50

   c. <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid overtime wages.

40. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

41. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above. Plaintiff and those similarly situated are entitled to recover double damages.

42. At times mentioned, individual Defendants LUCAS M. BASILI and MARIA P. HIRIART were and are now the owners/partners and managers of VOLTAGE BATTERIES. Defendants LUCAS M. BASILI and MARIA P. HIRIART were the Employers of Plaintiff

and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in VOLTAGE BATTERIES' interests concerning its employees, including Plaintiff and others similarly situated. Defendants LUCAS M. BASILI and MARIA P. HIRIART had financial and operational control of the business provided Plaintiff with his work schedule. They are jointly and severally liable for Plaintiff's damages.

43. Defendants VOLTAGE BATTERIES, LUCAS M. BASILI, and MARIA P. HIRIART willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

44. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff LEANDRO N. SMILASKY and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff LEANDRO N. SMILASKY and others similarly situated and against the Defendants VOLTAGE BATTERIES, LUCAS M. BASILI, and MARIA P. HIRIART based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime

compensation for hours worked more than forty weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff LEANDRO N. SMILASKY and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

**COUNT II:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**

45.  Plaintiff re-adopts every factual allegation stated in paragraphs 1-25 of this Complaint as if set out in full herein.

46.  The Employer VOLTAGE BATTERIES  was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a seller of automotive, industrial, and marine batteries. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage.

47. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by performing credit card transactions and by handling and working with goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

48. This action is brought by Plaintiff to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

 (1) except as otherwise provided in this section, not less than—

      (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

      (B) $6.55 an hour, beginning 12 months after that 60th day; and

      (C) $7.25 an hour, beginning 24 months after that 60th day.

49. Defendants VOLTAGE BATTERIES, LUCAS M. BASILI, and MARIA P. HIRIART employed Plaintiff LEANDRO N. SMILASKY as a non-exempted, full-time, hourly employee from on or about December 09, 2021, to January 24, 2022, or 6 weeks plus four days.

50. Plaintiff was hired as a store attendant and battery installer technician. Plaintiff's wage rate was $15.00 an hour.

51. During his employment with Defendants, Plaintiff had a mandatory, regular schedule. Plaintiff worked 6 days, a total of 50.5 hours weekly. Plaintiff did not take bonafide lunch breaks.

52. Plaintiff worked more than 40 hours weekly, but he was paid for only 40 regular hours. Defendants required Plaintiff to stay working late, but he did not receive any compensation for overtime hours.

53. Plaintiff complained about the lack of payment for overtime hours. As a direct result of Plaintiff's complaints, Defendants retained and refused to pay Plaintiff wages for 2 consecutive weeks.

54. There is a substantial number of working hours that were not paid to Plaintiff at any rate, not even at the minimum wage rate as required by law.

55. Plaintiff did not clock in and out, but Defendants were able to monitor the hours worked by Plaintiff and other similarly situated individuals.

56. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

57. Plaintiff was paid weekly by Zelle direct deposits, without paystubs or any kind of records providing basic information about the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

58. On or about January 24, 22022, Defendants fired Plaintiff.

59. At the time of his termination, Defendants refused to pay Plaintiff for his last two weeks of work, plus his first week of work, retained by Defendants as a security deposit at the beginning of his employment.

60. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in possession and custody of Defendants. However, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other similarly situated individuals upon information and belief. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

61. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

62. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that this amount is based on preliminary calculations and these figures could be subject to modifications as discovery could dictate.
Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a.  <u>Total amount of alleged unpaid wages</u>:

       One Thousand Two Hundred Dollars and 00/100 ($1,200.00)

    b.  <u>Calculation of such wages</u>:

       Total period of employment:  6 weeks
       Total relevant weeks: 6 weeks
       Total number of unpaid weeks: 3 weeks
       Total hours worked: 40 hours weekly
       Rate paid:  $15.00 an hour
       Florida minimum wage 2022:  $10.00

       Min. wage $10.00 x 40 hours= $400.00 weekly x 3 week=$1,200.00

    c.  <u>Nature of wages:</u>

      This amount represents unpaid minimum wages at the Florida minimum wage rate.

63. Defendants unlawfully failed to pay minimum wages to Plaintiff. Plaintiff seeks to recover for minimum wages violations accumulated during his relevant time of employment.

64. Defendants knew and showed reckless disregard about the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages.

65. At times mentioned, individual Defendants LUCAS M. BASILI and MARIA P. HIRIART were and are now the owners/partners and managers of VOLTAGE BATTERIES. Defendants LUCAS M. BASILI and MARIA P. HIRIART were the Employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in VOLTAGE BATTERIES' interests concerning its employees, including Plaintiff and others similarly situated. Defendants LUCAS M. BASILI and MARIA P. HIRIART had financial and operational control of the business, provided Plaintiff with his work schedule, and they are jointly and severally liable for Plaintiff's damages.

66. Defendants VOLTAGE BATTERIES, LUCAS M. BASILI, and MARIA P. HIRIART willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages as set forth above.

67. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in

bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff LEANDRO N. SMILASKY respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff LEANDRO N. SMILASKY and against the Defendants VOLTAGE BATTERIES, LUCAS M. BASILI, and MARIA P. HIRIART based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff LEANDRO N. SMILASKY and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

**<u>COUNT III:</u>**
**<u>FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)</u>**
**<u>RETALIATION; AGAINST ALL DEFENDANTS</u>**

68. Plaintiff LEANDRO N. SMILASKY re-adopts every factual allegation stated in paragraphs 1-25 of this Complaint as if set out in full herein.

69. The Employer VOLTAGE BATTERIES  was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a seller of automotive, industrial, and marine batteries. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is enterprise coverage.

70. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by performing credit card transactions and by handling and working with goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

71. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

72. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

73. 29 U.S.C. § 206 (a) (1) states, "….an Employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

74. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed

any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

75. Defendants VOLTAGE BATTERIES, LUCAS M. BASILI, and MARIA P. HIRIART employed Plaintiff LEANDRO N. SMILASKY as a non-exempted, full-time, hourly employee from on or about December 09, 2021, to January 24, 2022, or 6 weeks plus four days.

76. Plaintiff was hired as a store attendant and battery installer technician. Plaintiff had numerous duties, including opening and closing the store, selling and installing batteries, and performing general battery shop work. Plaintiff's wage rate was $15.00 an hour. Plaintiff's overtime rate should be $22.50 an hour.

77. During his employment with Defendants, Plaintiff had a mandatory, regular schedule. Plaintiff worked 6 days per week, a total of 50.5 hours weekly. Plaintiff did not take bonafide lunch breaks.

78. Plaintiff worked more than 40 hours weekly, but he was paid for only 40 regular hours. Defendants required Plaintiff to stay working late, but they did not compensate him for overtime hours.

79. Plaintiff did not clock in and out, but Defendants were able to monitor the hours worked by Plaintiff and other similarly situated individuals.

80. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

81. Plaintiff was paid weekly by Zelle direct deposits, without paystubs or any kind of records providing basic information about the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

82. On or about January 08, 2022,  Plaintiff requested the owner of the business LUCAS M. BASILI to be paid for overtime hours. Defendants refused to pay overtime hours.

83.  As a direct result of his complaint, the following week, Plaintiff did not receive his regular wages on the normal payday.

84. On or about January 15, 2022, Plaintiff complained again, but he continued working one more week. However, Plaintiff did not receive payment for a second consecutive week.

85. On or about January 22, 2022, Plaintiff complained again to the owner of the business about the lack of payment of his regular wages and overtime hours.

86. These complaints constituted protected activity under 29 U.S.C. 215(a)(3).

87. However, as a direct response to Plaintiff's complaints, on or about Monday, January 24, 2022, the owner of the business LUCAS M. BASILI fired Plaintiff using pretextual reasons.

88. At the time of his termination, Defendants refused to pay Plaintiff the value of 3 weeks of work. Plaintiff was not paid for his last two weeks of work plus 1 week retained by Defendants as a security deposit at the beginning of his employment.

89. Therefore, Defendants willfully failed to pay Plaintiff minimum wages for all hours worked, in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

90. At all times during his employment, Plaintiff performed his work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

91.  At times mentioned, individual Defendants LUCAS M. BASILI and MARIA P. HIRIART were and are now the owners/partners and managers of VOLTAGE BATTERIES. Defendants LUCAS M. BASILI and MARIA P. HIRIART were the Employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in VOLTAGE BATTERIES' interests concerning its employees, including Plaintiff and others similarly situated. Defendants LUCAS M. BASILI and MARIA P. HIRIART had financial and operational control of the business, provided Plaintiff with his work schedule, and they are jointly and severally liable for Plaintiff's damages.

92. The termination of Plaintiff LEANDRO N. SMILASKY by the Defendants was directly and proximately caused by Defendants' unjustified retaliation against Plaintiff because of his complaints about overtime payment and regular wages, in violation of Federal Law.

93. Moreover, Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity.

94. Defendants VOLTAGE BATTERIES, LUCAS M. BASILI, and MARIA P. HIRIART willfully and maliciously retaliated against Plaintiff LEANDRO N. SMILASKY by engaging in a retaliatory action that was materially adverse to a reasonable employee, and with the purpose to dissuade Plaintiff from exercising his rights under 29 U.S.C. 215(a)(3).

95. The motivating factor which caused Plaintiff LEANDRO N. SMILASKY to be fired from the business, as described above, was his complaints seeking his regular and overtime wages from the Defendants. In other words, Plaintiff would not have been fired but for his complaints regarding regular and overtime wages.

96. The Defendants' adverse actions against Plaintiff LEANDRO N. SMILASKY were in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

97. Plaintiff LEANDRO N. SMILASKY has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorney's fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff LEANDRO N. SMILASKY respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants VOLTAGE BATTERIES, LUCAS M. BASILI, and MARIA P. HIRIART that Plaintiff LEANDRO N. SMILASKY recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants VOLTAGE BATTERIES, LUCAS M. BASILI, and MARIA P. HIRIART  to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff LEANDRO N. SMILASKY further prays for such additional relief as the interests of justice may require.

<u>JURY DEMAND</u>

Plaintiff LEANDRO N. SMILASKY demands trial by a jury of all issues triable as of right by a jury.

DATED:  March 7, 2022

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*