UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 22-20688-CIV-MCALILEY
[CONSENT CASE]

LEANDRO N. SMILASKY,

    Plaintiff,

v.

BATTERY SOLUTION LLC,
d/b/a VOLTAGE BATTERIES,
LUCAS M. BASILI, individually,
and MARIA P. HIRIART, individually,

    Defendants,
_____/

**JOINT MOTION FOR ENTRY OF ORDER APPROVING
SETTLEMENT AND DISMISSING CASE WITH PREJUDICE**

Plaintiff, LEANDRO N. SMILASKY, (hereinafter, "Plaintiff"), and Defendants, BATTERY SOLUTION LLC., LUCAS M. BASILI and MARIA P. HIRIART (hereinafter, collectively as "Defendants"), by and through undersigned counsel, hereby file this Joint Motion for Entry of Order Approving Settlement and jointly request that this Honorable Court approve the settlement reached in this matter and dismiss this case with prejudice, and in support thereof, state:

**MEMORANDUM OF LAW**

**I.**    **Legal Principles**

This is an action brought by Plaintiff for alleged unpaid overtime and minimum wages, as well as retaliatory discharge under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 210 *et. seq*. Defendants have denied all liability with regards to Plaintiff's claims and assert that Plaintiff was at all times properly compensated under the FLSA.

The individually named Defendants deny that they are Plaintiff's "employers" as this term is defined by the FLSA. More specifically, Defendants deny that Plaintiff has a claim for unpaid wages (minimum and/or overtime), that Plaintiff worked the number of hours alleged and dispute the amount of alleged unpaid wages in this action. Defendants further take the position that Plaintiff was terminated for legitimate, non-retaliatory reasons.

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which contested claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. See 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id*. In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the

Parties' settlement to resolve and release Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by Plaintiff against his alleged former employers, which was adversarial in nature.

The Parties agree that the instant action involves disputed issues. Although Defendants dispute their liability for the claims asserted by Plaintiff in his Complaint, or for any other violations of the FLSA, they have agreed to pay Plaintiff in full settlement of the disputed claims.

With regards to legal fees, a court reviewing an FLSA settlement must review "the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 2009 WL 73164, *2 (11th Cir. Jan. 13, 2009).

## II. Terms of Settlement

1. This case involves claims made by Plaintiff for alleged unpaid overtime and minimum wages under the FLSA. Plaintiff also asserted a claim for retaliatory discharge under the Act.

2. After extensive negotiations held at the Court ordered Settlement Conference in this matter, the parties were able to reach a settlement between them that resolved all of Plaintiff's claims, including those for attorney's fees and costs. The Honorable Magistrate Judge Chris McAliley presided over the Settlement Conference and upon settlement, proceeded to conduct a fairness hearing in this matter.

3. Upon conclusion of the Fairness Hearing, Magistrate Judge McAliley held that the settlement reached between the parties constituted a fair and reasonable resolution of disputed claims pursuant to *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).

4. The terms of the settlement announced on the record are acceptable to both Plaintiff and Defendants. Specifically, based upon their respective positions concerning the alleged claims, Plaintiff's claims for attorneys' fees and costs, the parties negotiated the settlement which was ultimately approved by this Court.

5. The parties agree that upon careful review of Plaintiff's dates of alleged employment; hours and weeks which Plaintiff worked; time and pay records; and all available evidence pertaining to Plaintiff's employment, this amount represents a fair and reasonable compromise of the alleged claims.

6. The parties also agree that there are genuine disputes as to whether or not Plaintiff worked the alleged number of hours claimed on a weekly basis; whether Plaintiff was compensated fully in accordance with the FLSA, whether Plaintiff was terminated for legitimate non-retaliatory reasons; and whether or not any alleged violations of the FLSA, if any, were willful. Consequentially, Plaintiff could have been barred from any recovery in this matter whatsoever with regards to his claims under the FLSA had Plaintiff not been able to establish his claims.

7. Additionally, this settlement is also reasonable given the high costs of defending and litigating this matter further and the time and resources which would have been expended by both parties in taking this mater to trial. This settlement was arrived at after considerable negotiation by the parties, and Defendants do not admit any liability in this action.

8. With regards to the amount allocated to Plaintiff's counsel for attorney's fees and costs, Plaintiff's counsel, who has 16 years of experience litigating employment related matters, charges an hourly rate of $400.00. Counsel for Plaintiff asserts that this rate has been consistently approved by Courts in this District as well as in the Middle and Northern

      Districts of Florida. Plaintiff's counsel's previous hourly rate of $375.00 had also been consistently approved and deemed reasonable by this Court as well as Courts in the Middle and Northern Districts of Florida. *See Abreu v. Free Flow Constr., Inc.*, Case No. 18-20244, 2018 WL 6492904, at *1 (S.D. Fla. Oct. 30, 2018) (adopting Report and Recommendation recommending that Zandro E. Palma, Esq.'s requested rate of $375 was reasonable); *see also Ruiz, et. Al. v. Global Fish Handlers, Corp., et al.*, Case No. 1:16-cv-25205-JEM, [D.E.#65], (S.D. Fla. April 4, 2019) ("This Court has previously awarded Mr. Palma attorney's fees at a rate of $375 per hour. The Court finds that $375 is a reasonable hourly rate for Mr. Palma.")

9. Plaintiff's counsel informed the Court at the conclusion of the Settlement Conference that he expended over 16 hours on this matter to date, which includes time spent engaged in informal discovery, litigation, the Court ordered settlement conference, attorney-client communications, and other off-the-record activity. Additionally, Plaintiff's counsel represented that he has over $800.00 in costs incurred. Notwithstanding, Plaintiff's counsel reduced his attorney's fees and costs in good faith in order to facilitate settlement. Consequentially, Plaintiff's recovery was not adversely affected by the amount of fees and costs to be paid to his attorney.

10. Pursuant to the Court's Order [D.E. 22], the parties will submit their final executed settlement agreement as well as Plaintiff's counsel's billing records to the Court, in camera, for the Court's review.

11. The signed Settlement agreement includes every term and condition of the parties' settlement.

12. Having agreed to the terms of the settlement reached, Plaintiff and Defendants respectfully

request that this Honorable Court approve the settlement..

13. Accordingly, the parties respectfully request that this Court approve the Settlement attributed to Plaintiff's FLSA claims. Moreover, the parties stipulate to dismissal of this action with prejudice, pursuant to Fed.R.Civ.P. 41(a)(1)(A)(ii), provided that the Court enters an order retaining jurisdiction to enforce the terms of the settlement, and otherwise deny any pending motions as moot.

14. A proposed order is provided herewith.

WHEREFORE, the Parties respectfully request that this Honorable Court approve the parties' settlement, dismisses this action with prejudice, and deny any pending motions as moot.

DATED this 31st day of May 2022.

Respectfully submitted,

| | |
|---|---|
| */s/Zandro E. Palma* | */s/ Ena T. Diaz* |
| Zandro E. Palma, Esq. | Ena T. Diaz, Esq. |
| Florida Bar No.: 0024031 | Florida Bar No.: 0090999 |
| **ZANDRO E. PALMA, P.A.** | **ENA T. DIAZ, P.A.** |
| 9100 S. Dadeland Blvd. | Town Center One |
| Suite 1500 | 8950 SW 74th Court, Suite 2201 |
| Miami, Florida 33156 | Miami, Florida 33156 |
| Telephone No.: (305) 446-1500 | Tel.: (305) 377-8828 |
| Facsimile No.: (305) 446-1502 | Fax: (305) 356-1311 |
| zep@ThePalmaLawGroup.com | E-mail: Email: ediaz@enadiazlaw.com |
| *Attorney for Plaintiff* | *Attorney for Defendants* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 22-20688-CIV-MCALILEY
[CONSENT CASE]

LEANDRO N. SMILASKY,

    Plaintiff,

v.

BATTERY SOLUTION LLC,
d/b/a VOLTAGE BATTERIES,
LUCAS M. BASILI, individually,
and MARIA P. HIRIART, individually,

    Defendants,
_____/

## ORDER GRANTING JOINT MOTION TO APPROVE THE PARTIES' SETTLEMENT AGREEMENT

**THIS CAUSE** came before the Court upon the parties' Joint Motion for Entry of Order Approving Settlement and Dismissing the Case with Prejudice, and the Court having reviewed the motion and the file in this cause, having noted the agreement of the parties and being otherwise fully advised in the premises, it is hereby

**ORDERED and ADJUDGED** that the parties' settlement is hereby **APPROVED**. It is further ordered that this action is **DISMISSED WITH PREJUDICE**. The Court retains jurisdiction to enforce the terms of the parties' settlement, should such enforcement become necessary.

**DONE AND ORDERED** in Chambers, in Miami-Dade, Florida this ___ day of May, 2022.

                                                            _____
                                                            **CHRIS MCALILEY**
                                                            **UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record